# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-329V

| | |
|---|---|
| JOHN BATTAGLIA,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: February 28, 2025 |

*Laura Levenberg,* Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Shelly Jock,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On March 1, 2024, John Battaglia filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Table injury – shoulder injury related to vaccine administration ("SIRVA") - as the result of influenza ("flu") vaccine received on October 24, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 24, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On February 26, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $20,000.00 in pain and suffering. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $20,000.00 (representing pain and suffering) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| JOHN BATTAGLIA,            )<br>                                          )<br>            Petitioner,       )<br>                                          )     No. 24-329V<br>v.                                     )     Chief Special Master Corcoran<br>                                          )     ECF<br>SECRETARY OF HEALTH AND HUMAN )<br>SERVICES,                        )<br>                                          )<br>            Respondent.     )<br>                                          ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On March 1, 2024, John Battalgia ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza ("flu") vaccination received on October 24, 2022. Petition at 1. On January 13, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA injury, and on January 24, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 17; ECF No. 19.

**I.     Items of Compensation**

A.     Pain and Suffering

Respondent proffers that petitioner should be awarded **$20,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through

lump sum payments as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1]

A.	A lump sum payment of $**20,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

:

        Respectfully submitted,

        MICHAEL GRANSTON
        Deputy Assistant Attorney General
        Civil Division

        C. SALVATORE D'ALESSIO
        Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK.
        Assistant Director
        Torts Branch, Civil Division

        /s/ Shelly Jock
        SHELLY JOCK
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel: (202) 305-3155
        shellyjock@usdoj.gov

DATED:	February 26, 2025

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.